IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 05-31587-CMB |
| DESPINA SMALIS, | Chapter 7 |
| Debtor. | Related to Doc. No. 244 |
| ERNEST SMALIS, | |
| Plaintiff, | Adv. Proc. No. 12-2140 |
| v. | Related to Doc. No. 48 |
| DESPINA SMALIS, | |
| Defendant. | |

## MEMORANDUM OPINION

The matter before the Court is the *Motion for Reconsideration from Order of Court Motio(s)* [sic] *Denied for Reasons Set Forth in the Court's Memorandum Opinion Entered in the Above-Captioned Bankruptcy Case* ("Motion for Reconsideration") filed by Ernest Smalis.[1] Therein, Mr. Smalis seeks reconsideration of this Court's Order dated July 7, 2015 ("July 7th Order") denying *Plaintiff Ernest Smalis Motion to Deem Settlement Agreement Defective and Void* [and] *Plaintiff Ernest Smalis Motion to Bar Debtor from Legal Proceedings in Bankruptcy Pursuant to the Doctrine of Judicial Estoppel* (hereinafter, the "Smalis Motions").[2] A response

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(A), and this Court has authority to rule on this matter.

[2] The Smalis Motions appear to be two separate motions filed as one document. *See* Case No. 05-31587, Doc. No. 223; Adversary No. 12-2140, Doc. No. 40.

1

to the Motion for Reconsideration was filed by Debtor.[3] Subsequently, Mr. Smalis filed a motion seeking permission to file a "rebuttal answer," which was granted as set forth in the Order dated September 3, 2015.[4] A hearing was held on September 10, 2015, at which time the matter was taken under advisement. Upon consideration of the foregoing and for the reasons expressed herein, the Motion for Reconsideration will be denied.

## Background

This bankruptcy case has a long, contentious history which will not be recited herein. The Court writes primarily for the parties who are familiar with the case and related adversary proceedings. By way of background, the July 7th Order provided that the substance of the Smalis Motions was considered and addressed in this Court's Memorandum Opinion dated July 7, 2015 (hereinafter, the "July 7th Opinion") resolving a separate motion filed by Mr. Smalis, titled *Motion for Leave to File Civil Adversary Action Against Chapter 7 Trustees and It's* [sic] *Surety, Including Violations of Due Process* ("Motion for Leave"). As observed by this Court in the July 7th Opinion, this Court addressed the content of the Smalis Motions therein as the assertions raised in the Smalis Motions were first raised by Mr. Smalis in the context of his Motion for Leave and related filings. *See* July 7th Opinion, Case No. 05-31587, Doc. No. 236, at 10-11. Thus, the Smalis Motions were denied for the reasons set forth in the July 7th Opinion.

---

[3] The Court notes that the current Chapter 7 Trustee filed a response on the bankruptcy case docket which is linked to both the instant Motion for Reconsideration (Doc. No. 244) and another motion for reconsideration (Doc. No. 245) also filed by Mr. Smalis. Accordingly, the Court has considered the response in ruling on both matters.

[4] Mr. Smalis filed *Plaintiff's Motion to Leave for Permission to File Rebuttal Answer's* [sic] *from Response from Defendant Debtor Despina Smalis and Defendants Stanley Makoroff, Jeffrey J. Sikirica and its Surety Liberty Mutual* ("Motion to File Rebuttal Answer"). *See* Case No. 05-31587, Doc. No. 263 and Adversary No. 12-2140, Doc. No. 58. The Motion to File Rebuttal Answer appears to reference the Motion for Reconsideration addressed herein as well as another separately filed motion for reconsideration. Subsequently, Mr. Smalis filed another motion seeking to file a "rebuttal answer" which filing will be considered in ruling on this matter as set forth in the Order dated September 11, 2015.

Mr. Smalis filed the instant Motion for Reconsideration with respect to denial of the Smalis Motions in addition to a separate motion seeking reconsideration of the Order denying his Motion for Leave. The Court heard argument on both motions for reconsideration on September 10, 2015, and issued a Memorandum Opinion and Order on September 14, 2015 ("September 14th Opinion"), denying reconsideration of the decision on Mr. Smalis' Motion for Leave. Notably, the motions for reconsideration contain many of the same allegations. In fact, most of the pages are virtually identical.[5] For this reason, a number of issues raised by Mr. Smalis, including his request for recusal of the Undersigned, have already been addressed by this Court in the September 14th Opinion and will not be restated herein.

<u>Motion to Deem Settlement Agreement Defective and Void</u>

The Court begins by addressing the denial of Mr. Smalis' request that the settlement agreement he entered into with the Debtor, resolving Adversary Proceeding 12-2140, be deemed defective and void. Although the request to deem the settlement agreement defective and void was addressed in the July 7th Opinion, the Court will clarify its reasoning herein to the extent it may be necessary to do so. A brief background regarding the adversary proceeding and status of the bankruptcy case at that time is helpful.

This bankruptcy case was commenced by the filing of a voluntary petition on September 2, 2005. The deadline to file a complaint objecting to discharge or to determine dischargeability of certain debts was January 3, 2006.[6] On March 6, 2006, the Debtor was granted a discharge under 11 U.S.C. §727. *See* Case No. 05-31587, Doc. No. 60. Notice of Debtor's discharge was

---

[5] By comparison, the majority of the Motion for Reconsideration addressed herein appears to be contained, almost word for word, in Mr. Smalis' separately filed motion seeking reconsideration of the denial of his Motion for Leave. *Compare* Doc. No. 244 *with* pages 1-14 and 26-35 of Doc. No. 245.

[6] Although 11 U.S.C. §523 has since been amended, at the time of filing, the deadline applied to complaints to determine dischargeability under §523(a)(2), (4), (6), *and (15)* as set forth in the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines*. *See* Case No. 05-31587, Doc. No 28.

mailed to Mr. Smalis at the address he provided to the Court. *See* Case No. 05-31587, Doc. No. 61. On September 25, 2006, the former trustee, Stanley Makoroff, filed the *Trustee's Final Report and Account of the Administration of the Estate and Final Application for Compensation*. *See* Case No. 05-31587, Doc. No. 92. Therein, Trustee Makoroff designated property that would be abandoned pursuant to 11 U.S.C. §554(c). In the *Notice of Filing of Final Account of Trustee Scheduling Hearing on Applications for Compensation, and Proposed Final Distribution Combined with Order Fixing Deadline for Filing Objections Thereto*, notice was also provided that "[a]ny property not administered by the trustee will be deemed abandoned." *See* Case No. 05-31587, Doc. Nos. 97 and 101 (showing service on Mr. Smalis). In addition, Mr. Smalis received notice of the Trustee's *Summary of Proposed Distribution*, showing the amount of distribution to be made to Mr. Smalis due to sales of co-owned property. *See* Case No. 05-31587, Doc. No. 100. Thereafter, on November 2, 2006, the Trustee's proposed distribution was approved by the Court. The bankruptcy case was closed on March 28, 2007. On the motion of the Commonwealth of Pennsylvania, Department of Environmental Protection (the "Department"), the case was reopened on October 30, 2008.

On April 2, **2012**, Mr. Smalis filed his *Complaint to Determine Dischargeability* ("Complaint"). Therein, Mr. Smalis asserted that debt(s) owed to him were nondischargeable pursuant to 11 U.S.C. §523(a)(2), (4), and (5) and further asserted an objection to discharge pursuant to 11 U.S.C. §727(a)(4). Pursuant to §727(a), the court is directed to grant a debtor a discharge but for certain circumstances set forth therein; however, when Mr. Smalis filed his Complaint, the deadline to object to discharge had long passed. *See* Fed.R.Bankr.P. 4004. In fact, the discharge had been granted **six years** earlier. *Even assuming* that Mr. Smalis instead sought a *revocation* of Debtor's discharge pursuant to §727(d), he was well beyond the deadline to do so.

4

*See* §727(e).[7] The untimeliness of the objection to discharge was raised in Debtor's motion to dismiss the adversary proceeding, and Mr. Smalis cites to no legal authority which would permit him to raise his belated objection to discharge. Furthermore, neither a trustee nor any creditor could have pursued the objection for these same reasons.[8] Based upon the foregoing, when Mr. Smalis entered into the Settlement with Debtor, he was doing no more than settling the dispute regarding the dischargeability of his alleged debt, to the extent such claims were viable, without any apparent impact on creditors or the bankruptcy estate.[9]

At the time that Mr. Smalis voluntarily settled his adversary proceeding and consented to its dismissal, a *Stipulation to Dismiss Adversary Proceeding with Prejudice Pursuant to Bankruptcy Rule 7041* was filed with the Court. *See* Adversary No. 12-2140, Doc. No. 32. A Certificate of Service was filed with the Stipulation certifying service was made on the Office of

---

[7]     The Court further notes that the deadlines set forth in §727 regarding revocation of discharge have been characterized by courts as statutes of repose not subject to equitable tolling. *See DeAngelis v. Taylor* (*In re Taylor*), 449 B.R. 686 (Bankr.E.D.Pa.2011).

[8]     It appears that Mr. Smalis seeks to assert the rights of others in an attempt to find any basis upon which he can invalidate a settlement which he entered into years ago but with which he is now dissatisfied.

[9]     The Court notes that Mr. Smalis, although acknowledging that he consented to the dismissal of Adversary Proceeding 12-2140, appears to now take issue with a statement contained in the stipulation that the "settlement does not involve any property of this Estate . . . ." *See* Motion for Reconsideration, at 10-11 and Stipulation, Adversary No. 12-2140, Doc. No. 32. Pursuant to 11 U.S.C. §554(c), scheduled property that is not otherwise administered at the time the case is closed is abandoned to the debtor. Curiously, however, there is no indication that merely reopening this case brought the property described within the Settlement back into the estate. *See Frost v. Reilly* (*In re Reilly*), No. 12-3171(MAS), 2013 WL 135179 (D.N.J. Jan. 8, 2013) (holding that simply reopening a case pursuant to 11 U.S.C. §350(b) does not revoke a prior abandonment); *In re White*, 383 B.R. 366 (Bankr.W.D.Pa.2008). "The reopening of a case is a ministerial act that does not have any substantive independent effect." *See In re Mahkovic*, No. 12-70612-JAD, 2014 WL 4345962, at *3 (Bankr.W.D.Pa. Aug. 28, 2014). Upon reopening in October of 2008, the Court ordered only that the Debtor was not to dispose of any of the surplus distributed to her until further Order. *See* Case No. 05-31587, Doc. No. 129. It is not readily apparent how much, if any, of the surplus remained in Debtor's possession at that time. Said Order was entered upon request of the Department and did not address the prior abandonment of property of the estate at the time of closing. Furthermore, and most significantly, it is not clear how Mr. Smalis' apparent disagreement with the wording of the stipulation years later provides *him* with a basis to invalidate a settlement which *he* entered into. In addition, the stipulation was served on Mr. Smalis in October of 2012, yet he failed to raise any objection to the wording at that time.

5

the United States Trustee; the trustee appointed in the reopened case, Jeffrey Sikirica; and Mr. Smalis. Pursuant to Fed.R.Bankr.P. 7041, which governs dismissal of adversary proceedings:

> Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

*See* Fed.R.Bankr.P. 7041. Notice of the Stipulation was provided to the United States Trustee and Trustee Sikirica. Under the circumstances of this adversary proceeding, as the deadline to pursue the objection to discharge under §727(a)(4) had passed, notice was not necessary to any other parties. An Order dismissing the proceeding was entered on October 31, 2012, and the adversary proceeding was closed on November 19, 2012. *See* Adversary No. 12-2140, Doc. Nos. 36 & 39.

On June 8, 2015, Mr. Smalis filed the Smalis Motions, which included his request to deem the settlement defective and void. *See* Case No. 05-31587, Doc. No. 223; Adversary No. 12-2140, Doc. No. 40. The Order denying the Smalis Motions was entered on July 7, 2015. The Motion for Reconsideration followed.

<u>Motion to Bar Debtor from Legal Proceedings</u>

The Smalis Motions also contained a request to bar Debtor from proceeding in Chapter 7 pursuant to the doctrine of judicial estoppel. In support of his request, Mr. Smalis merely alleges, without more, that the Debtor has taken inconsistent positions. The nature of the alleged inconsistent positions is not clarified, and thus it is unclear how judicial estoppel applies. At the conclusion of the Smalis Motions, Mr. Smalis requests application of judicial estoppel to bar the Debtor from further litigation. Notably, the Court is unaware of any litigation pursued by Debtor at the time the Smalis Motions were filed on June 8, 2015, or thereafter. In fact, Debtor has been

defending litigation commenced against her. Accordingly, the Court denied the request by Order entered July 7, 2015. The Motion for Reconsideration followed.

### Reconsideration

Motions for reconsideration, which are not expressly recognized in the Federal Rules, are generally considered pursuant to either Fed.R.Civ.P. 59(e) or 60(b), made applicable to bankruptcy cases by Fed.R.Bankr.P. 9023 and 9024, respectively. *See Chaney v. Grigg* (*In re Grigg*), No. 12-7008-JAD, 2013 WL 5310207, at *1 (Bankr.W.D.Pa. Sept.20, 2013).[10] Each rule serves a separate purpose. *Id.* A motion questioning the correctness of the judgment and seeking to re-litigate the original issue is made pursuant to Fed.R.Civ.P. 59(e), whereas Fed.R.Civ.P. 60(b) provides six grounds upon which reconsideration is appropriate. *Id.*

When considering a motion for reconsideration, it is significant that such relief is "an extraordinary remedy to be granted sparingly." *Id.* at *3. Motions for reconsideration are not intended to reargue matters which have been raised and disposed of by the court, to re-litigate a matter with which a litigant simply disagrees, or to present new arguments and/or evidence which could have been presented previously. *Id.* Despite these limitations, as set forth in detail below, Mr. Smalis' Motion for Reconsideration is almost entirely for the purpose of raising the same arguments previously addressed by this Court on one or more occasions. As Mr. Smalis is pro se and his Motion for Reconsideration is not entirely clear, the Court will address both potentially applicable rules for the sake of being thorough.

---

[10] The Court notes Mr. Smalis' statement that he does not believe Fed.R.Bankr.P. 9023 and 9024 are applicable. *See* Motion to File Rebuttal Answer, at 2. Notwithstanding the foregoing, Mr. Smalis appears to rely upon these standards for reconsideration as he references "newly discovered evidence" and "manifest injustice" within his filings.

Fed.R.Civ.P. 59(e)

A motion to reconsider pursuant to Fed.R.Civ.P. 59(e) must be based upon one of the following: "(1) intervening change in the controlling law; (2) new evidence not previously discoverable; or (3) a need to correct a clear error of law or fact or prevent manifest injustice." *Id.* at *2. While Mr. Smalis has made general reference to an intervening change in controlling law and new evidence, he failed to demonstrate the existence of either for the purpose of reconsideration. *See* Motion for Reconsideration, at 2, 15, 18, 21, 25, 27. Accordingly, only the third basis for reconsideration must be addressed.

Under the third potential basis for relief, a party must establish a need to correct a clear error of law or fact or to prevent manifest injustice. The standard is very difficult to meet. *See In re Pittsburgh Corning Corp.*, No. 00-22876-TPA, 2013 WL 5994979, at *3 (Bankr.W.D.Pa. Nov. 12, 2013). With respect to the standard for showing clear error, it is insufficient to show that a judgment is probably wrong; instead, clear error requires a showing that the judgment is *dead wrong*. *See id.* Courts have similarly imposed a challenging burden on a movant asserting manifest injustice, requiring a showing of clear disregard for governing law. *See id*. The burden under the third ground for reconsideration has been described using various, although generally similar, terms by requiring an error that is indisputable, plain, and/or obvious. *See Shearer v. Titus* (*In re Titus*), 479 B.R. 362, 368 (Bankr.W.D.Pa.2012).

With respect to Mr. Smalis' request for reconsideration of the July 7th Order denying his motion to deem the Settlement agreement defective and void, Mr. Smalis failed to meet his burden. Notably, Mr. Smalis attempts to challenge the Settlement on behalf of another party despite his apparent lack of standing to do so; meanwhile, he acknowledges that he consented to voluntary dismissal of the adversary proceeding. *See* Motion for Reconsideration, at 11, 12, 23.

Mr. Smalis provides no basis upon which a belated §727 objection can proceed. Furthermore, notice of the stipulation to dismiss the adversary proceeding was provided to the United States Trustee's Office and Trustee Sikirica. Mr. Smalis appears to be dissatisfied with the Settlement now, over two years later. Mere dissatisfaction, however, is insufficient for reconsideration. Based upon the record, Mr. Smalis has not demonstrated an indisputable, obvious error for the purpose of reconsideration.

With respect to Mr. Smalis' request for reconsideration of the July 7th Order denying his motion to bar Debtor from proceeding pursuant to the doctrine of judicial estoppel, Mr. Smalis provided nothing new for the Court to consider and did not clarify the basis for his request for relief. *See* Motion for Reconsideration, at 26-27. Based upon the record, Mr. Smalis failed to meet his burden under Fed.R.Civ.P. 59(e).

### Fed.R.Civ.P. 60(b)

Having found that relief is not available pursuant to Fed.R.Civ.P. 59(e), the Court will consider the grounds for relief available under Fed.R.Civ.P. 60(b). There are six enumerated grounds for relief from a final judgment or order set forth within Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Upon review of the Motion for Reconsideration, it does not appear that Mr. Smalis relies upon Fed.R.Civ.P. 60(b)(1) or (5) for relief. Furthermore, as addressed for the purpose of Fed.R.Civ.P.

59(e), the existence of newly discovered evidence has not been established. Accordingly, Fed.R.Civ.P. 60(b)(2) does not apply.

With respect to Mr. Smalis' request for reconsideration of the July 7th Order denying his motion to deem the Settlement agreement defective and void, Mr. Smalis alleges fraud throughout his Motion for Reconsideration. *See* Motion for Reconsideration, at 8, 12, 17, 18, 20, 22-27. Despite the numerous allegations of fraud by Mr. Smalis, for the purpose of Fed.R.Civ.P. 60(b)(3) a party must establish that the judgment was obtained through fraud that prevented the moving party from a full and fair presentation of his case. *See Boldrini v. Wilson*, 609 F. App'x 721, 724 (3d Cir. 2015). A separate hearing was not held on the Smalis Motions as Mr. Smalis raised the substance of the Smalis Motions in the context of the Motion for Leave. The ruling in this matter was based upon the record of the case as set forth in the July 7th Opinion in addition to the further explanation set forth herein. Mr. Smalis failed to demonstrate the existence of fraud which prevented him from a full and fair presentation of his case for the purpose of reconsideration pursuant to Fed.R.Civ.P. 60(b)(3).[11]

In addition, Mr. Smalis failed to demonstrate that the Court's Order is void as set forth in Fed.R.Bankr.P. 60(b)(4). Instead, Mr. Smalis conceded that he consented to dismissal of his adversary proceeding; now, he seeks to assert the alleged rights of others to challenge a settlement which he now regrets. Mr. Smalis did not demonstrate that this Court lacked jurisdiction or entered a decree beyond its authority under the law. *See Boldrini*, 609 F. App'x at 724. Accordingly, Mr. Smalis failed to establish that relief is available pursuant to Fed.R.Bankr.P. 60(b)(4).

---

[11] Mr. Smalis makes numerous, general allegations of fraud throughout his Motion for Reconsideration, including, allegations that the Pennsylvania Department of Environmental Protection was fraudulently lured into a settlement with Debtor and allegations of fraud which would have resulted in the denial of Debtor's discharge. *See* Motion for Reconsideration, at 12, 15. These allegations, however, are not assertions that the July 7th Order was the result of fraud.

With respect to Fed.R.Civ.P. 60(b)(6), Mr. Smalis failed to demonstrate the exceptional circumstances necessary for relief. *See Boldrini*, 609 F. App'x at 724.

Finally, as to Mr. Smalis' request for reconsideration of the July 7th Order denying his motion to bar Debtor from proceeding pursuant to the doctrine of judicial estoppel, Mr. Smalis provided nothing new for the Court to consider and did not clarify the basis for his request for relief. *See* Motion for Reconsideration, at 26-27. The Debtor is not pursuing any litigation. Based upon the foregoing, Mr. Smalis failed to demonstrate a basis for reconsideration under any of the grounds for relief available pursuant to Fed.R.Civ.P. 60(b).

### Conclusion

Therefore, for the reasons set forth herein, this Court finds the Motion for Reconsideration must be denied. An appropriate Order will be entered consistent with this Memorandum Opinion.

Date: September 15, 2015                                  __/s/ Carlota M. Böhm_____
                                                          Carlota M. Böhm
                                                          United States Bankruptcy Judge

**MAIL TO:**

Office of the United States Trustee

Jeffrey J. Sikirica, Esq.

Stanley G. Makoroff, Esq.

Robert O. Lampl, Esq.

Ernest Smalis
6652 Northumberland Street
Pittsburgh, PA 15217

FILED
9/15/15 3:59 pm
CLERK
U.S. BANKRUPTCY
COURT - PGH

11